Michael W. Goodin (SBN 142288)
mgoodin@clausen.com
CLAUSEN MILLER P.C.
27285 Las Ramblas, Suite 200
Mission Viejo, CA 92691
Telephone: (949) 260-3100
Facsimile: (949) 260-3190

Attorneys for Defendant UNITED STATES FIRE INSURANCE COMPANY, erroneously sued and served as "UNITED STATES FIRE INSURANCE, A CRUM & FORSTER COMPANY"

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOOPES VINEYARD, LLC,, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES FIRE INSURANCE, A CRUM & FORSTER COMPANY, and RANDY DERR, in his INDEPENDENT CAPACITY, and DOES 1 through 10 <br><br> Defendants. | CASE NO.: <br><br> **UNITED STATES FIRE INSURANCE COMPANY'S NOTICE OF REMOVAL OF ENTIRE ACTION PURSUANT TO 28 U.S.C. SECTION 1441(B)** <br><br> *[Civil Case Cover Sheet, Declaration of Michael W. Goodin and Certificate of Interested Parties Filed Concurrently Herewith]* <br><br> Action Filed: November 8, 2021 <br> Trial Date: None |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant UNITED STATES FIRE INSURANCE COMPANY ("U.S. Fire"), erroneously sued and served as "UNITED STATES FIRE INSURANCE, A CRUM & FORSTER COMPANY", hereby gives notice of removal from the above-referenced state court action filed on November 8, 2021 in the Napa Superior Court, to the United States District Court, Northern District of California, pursuant to 28 U.S.C. section 1441(b).

In support of this removal, U.S. Fire states as follows:

## INTRODUCTION

1. This is a civil action in which this Court has original jurisdiction under 28 U.S.C. section 1332, and it is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. section 1441(b) in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. On November 8, 2021, Plaintiff Hoopes Vineyards, LLC ("Plaintiff") filed its Complaint titled *Hoopes Vineyards, LLC v. United States Fire Insurance, et al.*, Napa County Superior Court Case No. 21CV001587 ("Subject Action"). The Defendants in the Subject Action are U.S. Fire, Randy Derr ("Derr"), and Does 1-10.

3. The Subject Action alleges causes of action for Breach of Contract, Tortious Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, Bad Faith, Negligent Misrepresentation, Professional Negligence, and Declaratory Relief, based on the Defendants' alleged failure to pay Plaintiff's claim arising out of alleged smoke damage to grapes or wine stock during wildfires that occurred in Napa County in October of 2017.

4. The Summons and Complaint were served on U.S. Fire by personal service on November 18, 2021. A true and correct copy of the Summons and Complaint are attached as Exhibit "1" to the Declaration of Michael W. Goodin ("Goodin Decl.").

## A COPY OF THE STATE COURT FILE IS ATTACHED

5. Attached as Exhibits "1" through "2" to the Declaration of Michael W. Goodin are complete copies of documents from the Subject Action filed after the Summons and Complaint.

## THERE IS COMPLETE DIVERSITY OF CITIZENSHIP

6. For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated, and of the state where it has its principal place of

business.  28 U.S.C. § 1332(c)(1); *3123 SMB, LLC v. Horn*, 880 F.3d 461, 463 (9th Cir. 2018).  Complete diversity of citizenship exists among Plaintiff and all Defendants.

7. Plaintiff is a California limited liability company duly organized and existing under the laws of the State of California for purposes of maintaining and running a vineyard and winery located in Napa County, California.  See Goodin Decl. Ex. 1, Complaint, at ¶¶1 and 21; see also Goodin Decl. at ¶7 and Ex. 4.

8. Defendant U.S. Fire is, and was when this action was filed, a Delaware corporation with its principal place of business located in Morristown, New Jersey. See Goodin Decl., Ex. 1, Complaint, ¶22; see also Goodin Decl. at ¶8 and Ex. 5. Therefore, U.S. Fire is, and was when the action was filed, a citizen of Delaware and New Jersey for purposes of diversity jurisdiction.

9. Defendant Derr is, and was when this action was filed, an individual residing in Monterey, Tennessee.  See Goodin Decl. at ¶9 and Ex. 6.  Therefore, for purposes of determining diversity jurisdiction, Derr is a citizen of Tennessee.

10. DOES 1 through 10 in the Complaint are named and sued fictitiously, and their citizenship should be disregarded as a matter of law for purposes of removal on grounds of diversity jurisdiction under 28 U.S.C. sections 1332 and 1441(a), the latter of which provides that "citizenship of defendants sued under fictitious names should be disregarded."  See also *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989).

11. Accordingly, complete diversity of citizenship among Plaintiff and all Defendant's existed at the time Plaintiff filed the Subject Action, and still exists at the present time.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

12. The amount in controversy in the Subject Action exceeds $75,000, exclusive of interest and costs.  In its Complaint, Plaintiff has alleged "damages in excess of $2,000,000."  See Goodin Decl., Ex. 1, ¶89.

### UNSERVED DEFENDANTS NEED NOT JOIN IN THE REMOVAL

13. In cases involving multiple defendants, the general rule is that all of the defendants must join in the removal of the state court action to Federal Court. *Eli Valley Mines, Inc. v. Hartford Accident & Indemnity Co.*, 644 F.2d 1310, 1314 (9th Cir. 1981). However, an exception to that rule exists where a non-joining defendant has not been served in state court. *Community Bldg. Co. v. Maryland Casualty Co.*, 8 F.2d 678 (9th Cir. 1925); *Aqua Connect, Inc. v. Code Rebel, LLC*, 2011 WL 5075421, 2011 U.S. Dist. LEXIS 124086, at *10 (C.D. Cal., Oct. 25, 2011).

14. U.S. Fire's counsel has repeatedly checked both the Napa County Superior Court docket and Lexis Courtlink for the Subject Action and found that no proof of service had been filed with respect to Derr. Goodin Decl., ¶5; See *Lopez v. BNSF Ry. Co.*, 614 F.Supp.2d 1084, 1089 (E.D. Cal. 2007) [checking the state court docket is reasonable due diligence for purposes of a notice of removal to establish that a co-defendant has not been served].

### NOTICE OF REMOVAL IS TIMELY

15. A defendant must file a notice of removal in the District Court within 30 days after receipt of the first pleading that sets forth a removable claim. 28 U.S.C. § 1446. In cases involving multiple defendants, the 30-day removal period begins to run on the date that the first defendant receives the initial complaint. *McAnally Enterprises v. McAnally*, 107 F.Supp.2d 1223, 1228 (C.D. Cal. 2000).

16. U.S. Fire's agent for service of process received Plaintiff's Summons and Complaint on November 18, 2021. See Goodin Decl., ¶2. U.S. Fire was the first Defendant to be served in the Subject Action. Therefore, this Notice of Removal of the Subject Action to this Court is timely.

### CONCLUSION

17. A copy of this Notice of Removal has been sent to Plaintiff and is being filed in the Napa County Superior Court to effect removal of the Subject Action to the United States District Court, pursuant to 28 U.S.C. section 1446(d).

WHEREFORE, Defendant U.S. Fire prays that the above-entitled Court accept jurisdiction over this removed state court action pursuant to 28 U.S.C. section 1441(b), and that this cause proceed in this Court as an action properly so removed.

DATED:  December 17, 2021

CLAUSEN MILLER, P.C.

By: _____
Michael W. Goodin
Attorneys for Defendant UNITED STATES FIRE INSURANCE COMPANY, erroneously sued and served as "UNITED STATES FIRE INSURANCE, A CRUM & FORSTER COMPANY"

# CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 27285 Las Ramblas, Suite 200, Mission Viejo, California 92691.

On December 17, 2021, I caused the following document(s) to be served on the interested parties in this action, as follows:

**UNITED STATES FIRE INSURANCE COMPANY'S NOTICE OF REMOVAL OF ENTIRE ACTION PURSUANT TO 28 U.S.C. SECTION 1441(B)**

**[X] BY ELECTRONIC FILING AND SERVICE**: By electronic filing and service of the foregoing document(s) using the CM/ECF System in accordance with F.R.C.P. 5(b)(2)(E) and Civil Local Rule 5.4, I electronically filed the above-listed documents by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

[X] **BY ELECTRONIC TRANSMISSION**. Only by emailing the document(s) to the persons at the email address(es). This is necessitated during the declared National Emergency due to the Coronavirus (COVID-19) pandemic because this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. We will provide a physical copy, upon request only, when we return to the office at the conclusion of the national emergency.

**[X] BY FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 17, 2021, at Mission Viejo, California.

*/s/ Mary Lynn Genova*
Mary Lynn Genova

## SERVICE LIST

*Hoopes Vineyard, LLC v. United States Fire Insurance, et al.*

Northern United States District Court Case No.

| | |
|---|---|
| Jason O. Balogh, Esq.<br>Intelink Law Group, PC<br>201 Mission Street<br>Suite 1200<br>San Francisco, CA 94105<br><br>Telephone:  (510) 473-2697<br>Facsimile:  (858) 240-1460<br>Email:  jbalogh@intelinklaw.com | Attorneys for Plaintiff<br>*Hoopes Vineyard, LLC* |
| Samuel G. Royko, Esq. *Pro Hac Vice*<br>Mathew D. Dudek, Esq. *Pro Hac Vice*<br>Alyssa Friedman, Esq. *Pro Hac Vice*<br>The Royko Group, LLC<br>300 South Wacker Drive<br>Suite 1700A<br>Chicago, IL 60606<br><br>Telephone:  (312) 600-8105<br>Email:  sroyko@roykogroup.com;<br>mdudek@roykogroup.com;<br>afriedman@roykogroup.com | Attorneys for Plaintiff<br>*Hoopes Vineyard, LLC* |

7904079.1

-7-
CERTIFICATE OF SERVICE AND SERVICE LIST