1

2

3

4                                    UNITED STATES DISTRICT COURT

5                                   NORTHERN DISTRICT OF CALIFORNIA

6

7    HOOPES VINEYARD LLC,                          Case No.  21-cv-09755-JD

8                  Plaintiff,

                                                   **ORDER RE MOTIONS TO AMEND**
9          v.                                      **AND REMAND**

10   UNITED STATES FIRE INSURANCE
     COMPANY, et al.,
11
                   Defendants.

12

13          Plaintiff Hoopes Vineyard sued defendants United States Fire Insurance Company (U.S.

14   Fire) and Randy Derr, who is now deceased, over an insurance coverage dispute for smoke

15   damage to Hoopes Vineyard's wine grapes caused by the 2017 California wildfires.  Hoopes

16   Vineyard alleges California state law claims for breach of contract, breach of the covenant of good

17   faith and fair dealing, bad faith, negligent misrepresentation, professional negligence, and

18   declaratory relief.  Dkt. No. 1-4 (complaint).

19          The complaint was originally filed in Napa Superior Court, and U.S. Fire removed the case

20   on diversity jurisdiction grounds.  *See* 28 U.S.C. § 1441(b); Dkt. No. 1 ¶¶ 1-2.  Hoopes Vineyard

21   asks for a remand to state court, and to amend the complaint to add the George Petersen Insurance

22   Agency (GPIA) as a defendant.  Dkt. Nos. 10, 11, 29, 30.  The parties' familiarity with the record

23   is assumed and the motion to amend is granted.  Remand is also granted.

24          Amending the complaint to add GPIA as a defendant will destroy diversity jurisdiction

25   because GPIA, like Hoopes Vineyard, is incorporated in California and consequently is a

26   California citizen under 28 U.S.C. § 1332(c).  *See* Dkt. No. 11 at 2.  The removal statute expressly

27   provides that, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder

28

*(left margin, rotated)* United States District Court  Northern District of California

1    would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and

2    remand the action to the State court."  28 U.S.C. § 1447(e).

3          In exercising the discretion afforded by Section 1447(e), the Court considers "the potential

4    prejudice to [the plaintiff]," the balance of equities, and whether injustice would occur if joinder is

5    denied.  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998); *see also 3WL, LLC v.*

6    *Master Prot., LP*, 851 F. App'x 4, 7 (9th Cir. 2021) (unpublished).  Denying joinder would likely

7    prejudice Hoopes Vineyard because it alleges that it communicated with Derr regarding insurance

8    claims, the motion to amend says that Derr was an employee of GPIA, and the record indicates

9    that Derr passed away after the complaint was filed.  *See* Dkt. No. 1-4 ¶¶ 10-13, 39-41; Dkt. No.

10   11 at 2; Dkt. No. 26 at 8.  Because the case is at an early stage, no prejudice is likely to

11   defendants, and the Court finds no dilatory intent because Hoopes Vineyard moved to amend and

12   remand shortly after removal.  Consequently, leave to amend to add GPIA as a defendant is

13   granted.  *See Najera v. Steelhead Fabrication*, No. 14-cv-02070-JD, 2014 WL 4100665, at *2

14   (N.D. Cal. Aug. 20, 2014) (finding similar facts justified granting leave to amend to add a non-

15   diverse defendant under § 1447(e)).

16         Hoopes Vineyard is directed to file by July 29, 2022, an amended complaint that names

17   GPIA as a defendant and that includes factual allegations that GPIA is incorporated in California.

18   This will resolve the motions to remand because "the district court's only option is to remand"

19   once a diversity-destroying defendant is joined.  *De Martini v. De Martini*, 964 F.3d 813, 819 (9th

20   Cir. 2020).  Upon the filing of the amended complaint, the case will be remanded to the Superior

21   Court.

22         **IT IS SO ORDERED.**

23   Dated:  July 22, 2022

24

25

26   _____
     JAMES DONATO
27   United States District Judge

28

United States District Court
Northern District of California